**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | No. 10-56985 |
| Plaintiff - Appellee, | D.C. No. 8:09-cv-00770-DOC-AN |
| and | |
| ROBB EVANS & ASSOCIATES LLC, | MEMORANDUM[*] |
| Receiver - Appellee, | |
| v. | |
| PAUL JEFFREY LUCAS, | |
| Defendant - Appellant, | |
| LUCASLAWCENTER "INCORPORATED", a corporation, DBA Lucas Law Center; et al., | |
| Defendants, | |
| and | |
| ELECTRONIC CASH SYSTEMS, INC., | |
| Creditor. | |

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted September 10, 2012[**]

Before: WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Paul Jeffrey Lucas, an attorney, appeals pro se from the district court's judgment for the Federal Trade Commission ("FTC") in its action alleging that Lucas and other defendants engaged in deceptive acts or practices in violation of 15 U.S.C. § 45(a) of the FTC Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the grant of summary judgment. *FTC v. Gill*, 265 F.3d 944, 954 (9th Cir. 2001). We affirm.

The district court properly granted summary judgment on the FTC's claim that Lucas violated § 45(a) by falsely promising customers a full refund if he failed to obtain a mortgage loan modification for them, because Lucas failed to establish a genuine dispute of material fact as to whether he made material representations and whether they were likely to secure and mislead customers. *See id.* at 950 (an act or practice is deceptive if there is a material representation that is likely to mislead consumers acting reasonably under the circumstances); *see also FTC v.*

_____

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Cyberspace.com, LLC*, 453 F.3d 1196, 1201 (9th Cir. 2006) ("A misleading impression created by a solicitation is material if it involves information that is important to consumers and, hence, likely to affect their choice of, or conduct regarding, a product." (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in denying Lucas's motion for reconsideration because Lucas failed to show grounds warranting reconsideration. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration).

The district court did not abuse its discretion in granting in part the Receiver's motion to wind up the estate, including approving the Receiver's Final Report and Accounting. *See SEC v. Hardy*, 803 F.2d 1034, 1037 (9th Cir. 1986) (reviewing for an abuse of discretion a district court's decisions involving its supervision of an equitable receivership).

Lucas's contentions concerning his remaining post-judgment motions, his allegedly ineffective assistance of counsel in the district court, and alleged misconduct by the FTC, the State Bar of California, and the Better Business Bureau are unpersuasive.

10-56985

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**